

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 24, 1977

The Honorable Mike Atkins
Ector County Attorney
Room 223, County Courthouse
Odessa, Texas    79761

Opinion No. H- 946

Re:  Whether a county
hospital can employ a
corporate management firm.

Dear Mr. Atkins:

You have requested our opinion concerning the authority
of the Board of Trustees (Managers) of a county hospital
to employ a management corporation.  Under the terms of a
proposed contract, the firm would provide a qualified hospital
administrator and a financial officer, both of whom would be
employees of the firm.  In addition, various consultation
services would be provided.  You state that the contract
contemplates that the firm would be employed as "superintendent"
of the hospital.

Article 4480, V.T.C.S., provides in part:

> The board of managers . . . shall appoint
> a superintendent of the hospital who shall
> hold office at the pleasure of said board.
> Said superintendent shall not be a member of
> the board, and shall be a qualified
> practitioner of medicine, or be specially
> trained for work of such character.

Article 4485, V.T.C.S., provides that the superintendent
shall be the "chief executive officer" of the hospital.  While
he is subject to the powers of the board of managers, he is
granted rule making power and has "general supervision and
control of the records, accounts and buildings of the hospital,
and all internal affairs . . . ."

p. 3956

In our opinion, the language of article 4480 clearly implies that the superintendent must be an individual. See Attorney General Letter Advisory No. 120 (1977). We are supported in this view by the court's decision in City of Corpus Christi v. Mireur, 214 S.W. 528 (Tex. Civ. App. --San Antonio 1919, writ ref'd). That case involved a city charter provision which purportedly allowed a corporation to serve as city treasurer. The court affirmed the judgment of the trial court enjoining the operation of the contract between the city and a corporate "treasurer" and stated:

> No Constitution or statute has ever contemplated that a corporation should be appointed to and exercise the powers of any office. Id. at 530.

Accordingly, in our opinion, a board of managers of a county hospital may not employ a corporation as superintendent of the hospital. However, we believe that, pursuant to the authority of the board under article 4480 to manage the "contracts and fiscal concerns" of the hospital, the board may contract with a corporation to assist an individual superintendent in the discharge of his duties. See Attorney General Opinion WW-1101 (1961).

### S U M M A R Y

While the board of managers of a county hospital may not employ a corporation as superintendent, the board may contract with a corporation to assist an individual superintendent in the discharge of his duties.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb                    p. 3957